IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RONALD E. ARTIS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11cv00453 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| USP LEE COUNTY, <u>et al.</u>, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff Ronald E. Artis, a federal inmate proceeding <u>pro se</u>, brings this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), with jurisdiction vested pursuant to 28 U.S.C. § 1331.  Artis alleges that the defendants failed to provide him with adequate medical care.[1]  The court finds that Artis's allegations fail to state a claim upon which the court may grant relief; and, therefore, dismisses his action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Artis alleges that the defendants have inadequately treated his bumps on his skin and his hip bone pain.  However, he concedes that the defendants have seen and evaluated him numerous times and that they have tried various types of treatment for his symptoms.  At one point, they tried to "freeze" one of his bumps off, but it did not work.  Artis alleges that this made his bump worse and that it caused more bumps to appear.  They have also tried various shampoos,

---

[1] Artis also alleges that defendant Carter caused him emotional distress when she verbally abused him.  However, verbal harassment by prison officials in and of itself does not state a constitutional deprivation under § 1983.  <u>Johnson v. Laham</u>, 9 F.3d 1543 (4th Cir. 1993) (unpublished).  An institutional employee's verbal harassment or idle threats to an inmate, even if they cause an inmate fear, anxiety, or discomfort, does not constitute an invasion of any identified liberty interest.  <u>See</u> <u>Morrison v. Martin</u>, 755 F. Supp. 683, 687 (E.D. N.C. 1990), <u>aff'd</u> 917 F.2d 1302 (4th Cir. 1990) (finding that the threatening language of a prison official, even if true, does not amount to constitutional violation); <u>Emmons v. McLaughlin</u>, 874 F.2d 351, 353 (6th Cir. 1989) (verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); <u>Lamar v. Steele</u>, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough.  A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation.").  Thus, Artis's allegation of verbal abuse, without more, fails to state a claim and must be dismissed.

1

medications, and other topical creams.  Artis argues that the defendants acted negligently in treating his conditions.  He also claims that he waited two weeks before seeing a doctor regarding his hip pain.  However, he does not allege that he suffered any injury as a result of waiting for the medical treatment that he eventually received.

## II.

Artis complains that the defendants violated his constitutional rights by failing to provide him with adequate medical treatment.  However, the court finds that Artis's allegations amount to nothing more than a doctor-patient disagreement which is not actionable under § 1983.  Therefore, the court dismisses his complaint.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that jail officials were deliberately indifferent to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995).  To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need.  Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997).  An assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard."  Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).  A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment.  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell, 528 F.2d at 319; Harris v. Murray, 761 F. Supp. 409,

414 (E.D. Va. 1990). Further, questions of medical judgment are not subject to judicial review. Russell, 528 F.2d at 319 (citing Shields v. Kunkel, 442 F.2d 409 (9th Cir. 1971)).

Artis concedes that he has been seen, evaluated, and treated on many occasions regarding his instant complaints over the past couple years. Although he may disagree with the course of treatment he is receiving, his claim is nothing more than a doctor-patient disagreement, which is not actionable under the Eighth Amendment. Moreover, to the extent Artis alleges that the defendants were negligent in assessing Artis's conditions or determining his course of treatment, assertions of mere negligence are also not actionable under the Eighth Amendment. Accordingly, the court finds that Artis has not demonstrated that the defendants acted with deliberate indifference and, thus, Artis has failed to state a constitutional claim.[2]

### III.

For the reasons stated herein, the court dismisses Artis's action for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).[3]

**ENTER**: This 30th day of September, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] Artis also alleges that for seven years he thought that Chris Bartee was a doctor, but he recently learned that Bartee is a nurse. The court finds that this allegation does not rise to the level of a constitutional violation and, therefore, dismisses it.

[3] Furthermore, the court notes that defendants USP Lee County, Federal Bureau of Prisons, and Pennington Pharmacy Drug Center are not proper defendants in a Bivens action. See West v. Atkins, 487 U.S. 42 (1988).